**ACTIUM LLP**
Mike Gatto, State Bar No. 232674
Jonathon D. Nicol, State Bar No. 238944
5419 Hollywood Blvd, Suite C-356
Los Angeles, CA 90027
Telephone: 323-819-0300
Email: mike@actiumllp.com
Email: jonathon@actiumllp.com

*Attorneys for Plaintiff*
*TruConnect Communications, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUCONNECT COMMUNICATIONS, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA, an Independent California State Agency,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF, INJUNCTIVE RELIEF AND DECLARATORY RELIEF**<br><br>**JURY DEMANDED**<br><br>**[42 U.S.C. § 1983 & § 1988]** |

## JURISDICTIONAL AND PARTY ALLEGATIONS

1. This is a federal question action under 42 U.S.C. § 1983.

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this being an action arising under, and for the violations of, federal laws.

3. This Court also has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is properly located in the Central District of California pursuant to 28 U.S.C. § 1391(b)(l) & (b)(2), because Defendant California Public Utilities Commission (the "Commission") resides within the State of California, and the acts complained of herein were consummated in substantial part in the Central District of California.

5. Plaintiff TruConnect Communications, Inc. ("TruConnect") is a California corporation, with its principal place of business at 1149 South Hill Street, Suite H400, in Los Angeles.

6. The Commission is a California state agency, established under the California Constitution as an independent agency, charged with *inter alia* California telecommunications policymaking and delegated federal regulatory enforcement.

7. All of the conduct alleged against the Commission was intentional and intended to accomplish each and all of the unlawful purposes described herein.

## FACTUAL ALLEGATIONS

8. TruConnect provides low-cost and no-cost wireless voice and broadband service to low-income customers who qualify for the LifeLine program.

9. LifeLine is a federal program, but the states' public-utilities commissions review and approve carriers' service and rate offerings, and then reimburse the carriers for phone and internet services delivered to customers.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

10. With the Emergency Broadband Benefit ("EBB") program of 2020-21, the federal government appropriated additional funds to cover broadband services for qualified individuals stuck at home during the COVID-19 pandemic.

11. EBB was essentially an add-on benefit, providing additional time and data for those already enrolled in the LifeLine program, or those who met other specific requirements. Eligible telecommunications carriers like TruConnect are obligated to offer LifeLine and to maintain service for a customer until becoming aware that a customer is no longer participating in a program (like food assistance) that qualifies people for LifeLine.

12. Seeking to obtain the new EBB benefits for its customers, on April 27, 2021, TruConnect filed a Tier 2 Advice Letter ("Advice Letter 38"), seeking rate approval for its EBB offerings.

13. The Commission's Communications Division took TruConnect's Advice Letter 38 under submission. Then, on May 11, 2021, the Communications Division notified TruConnect by e-mail about the status and disposition of Advice Letter 38.

14. The certificate ("Certificate") the Communications Division uses for such purposes features three options: an advice letter can be "accepted," "rejected," or "withdrawn."

15. The Commission notified TruConnect with its Certificate that Advice Letter 38's "**Disposition**" was "**Accepted**" (bold type/emphasis in the original), and that no Resolution (*i.e.*, no additional Commission action) was required.

16. The Certificate further stated that, "The Telecommunications Division has made no changes to your copy of the Advice Letter Filing" and that TruConnect could "update" its "tariff records accordingly."

17. Pursuant to Commission rules, this meant that the rates in Advice Letter 38 was approved and took effect. TruConnect therefore began offering the additional benefits

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

to consumers on May 12, 2021, which was the "**Effective Date**" (bold in the original) on the Certificate the Commission provided.

18. Over a month later, on June 22, 2021, the Commission's Communications Division "staff notified California LifeLine carriers (including TruConnect) that prior to being offered to California LifeLine subscribers, the Universal Service Administrative Company ("USAC") must also approve their EBB plans."

19. The Communications Division reiterated this in verbal comments during the summer.

20. As sometimes occurs, USAC took a while to review TruConnect's plans. With this pretext, Commission staff then denied payment of TruConnect's reimbursement claims from the California LifeLine fund from July 1 through early December 2021. In other words, TruConnect has received nothing for the added EBB services it provided customers during that period.

21. The Commission retroactively blessed this non-payment in Resolution T-17757. In that proceeding, staff purposefully omitted from the record a copy of the Certificate that TruConnect had received approving its EBB offerings, and thus Resolution T-17757 did not contain a copy of it, nor a reference to it.

22. TruConnect therefore followed the proper exhaustion procedures and applied for rehearing of Resolution T-17757, identifying the legal and factual defects therein.

23. In Decision 22-02-028 ("Decision"), the Commission denied rehearing of the Resolution, contriving novel arguments to attempt to justify its arbitrary denial of reimbursements.

24. Even though the Certificate stated that TruConnect's Advice Letter 38 had a "disposition" of being "accepted" with "no changes", and with an "effective date" of May 12, 2021, the Commission purported that staff had accepted Advice Letter 38 conditionally.

25. For this contention, the Decision relied on a declaration by a Caleb Jones, a "Public Utilities Regulatory Analyst IV" (a low-level staff position). Without providing a

copy, and therefore in violation of the applicable rules of evidence, Mr. Jones asserted that he had sent a letter in April and June to a "California LifeLine Working Group" stating that USAC approval would be necessary for EBB offerings.

26. Mr. Jones did not declare that he sent TruConnect such letters. He did not declare that TruConnect had received them. He did not declare that his position was vested in the authority to condition the payments accordingly.

27. Yet on the basis of Mr. Jones' declaration, the Commission denied TruConnect payment for the EBB offerings it had provided.

28. As a backup argument, the Decision asserted that the Commission had retroactively blessed Mr. Jones' actions, and that this did not violate the rule against retroactive ratemaking, because the telephone charges at issue, for regulated utility service, were not "rates" because they were subsidized.

29. To date, the Commission has refused to reimburse TruConnect anything for the EBB services it provided during the period at issue.

30. Additionally, the Decision was silent on why reimbursement of charges incurred under later-approved plans – plans like TruConnect's that went into effect, formed the basis for services actually provided, and which USAC approved after some delay – should also face the harsh sanction of zero reimbursement.

31. TruConnect petitioned for appellate review of the Decision in the California Court of Appeals for the Second Appellate District, which was summarily denied (as is that Court's option), without considering the merits.

## FIRST CLAIM FOR RELIEF
## CLAIM FOR DAMAGES FOR DEPRIVATION OF
## FEDERAL RIGHTS UNDER COLOR OF STATE LAW
## [42 U.S.C. § 1983]

32. TruConnect incorporates by reference the foregoing allegations.

33. The federal and constitutional rights of TruConnect have been deprived in that, by virtue of the unlawful acts as above-described, TruConnect was denied its right to reasonably profit from its business enterprises, thereby constituting an unlawful and unconstitutional "regulatory" taking without just compensation and/or due process of law, as secured by the takings and due process clauses of the United States Constitution.

34. At all times pertinent to this Complaint: the Commission and each of its commissioners and agents acted under color of state law; further, each of them at all times acted under color of the statutes, ordinances, regulations, customs and usages of the state of California and/or the Commission; further, said commissioners and agents were each of them at all times acting within the course and scope of his/her authority and agency, and further acting as authorized agents for the Commission and each other.

35. At all times pertinent to this Complaint: the Commission and each of its commissioners and agents executed the policies and customs established by directive and/or practice, by state of California and/or the Commission; further, the commissioners and agents by words, action and/or inaction caused and/or ratified the unlawful acts of the Commission.

36. At all times pertinent to this Complaint: the actions, decisions, and omissions of the Commission have been made or omitted pursuant to official policy of the Commission, and all decisions have been by the person(s), body, and/or entity with final authority to do so for the Commission.

37. At all times pertinent to this Complaint: the Commission, its principals and agents, and each of them, knew or should have known that the wrongs here alleged involving the Commission were about to be committed; and further each of them had the power to prevent or aid in preventing the commission of the same. Despite this, the Commission, its principals and agents, and each of them, refused and/or failed to prevent or aid in preventing the commission of said wrongs, and said wrongs were in fact

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

committed, denying TruConnect its rights secured under the laws of the United States, as described herein.

38. At all times pertinent to this Complaint: the Commission, its principals and agents, and each of them, set in motion a chain of events which each knew or reasonably should have known, would cause the wrongs here mentioned, as described herein, and/or the consequential injuries and damages to TruConnect.

39. At all times pertinent to this Complaint: the Commission, its principals and agents, and each of them, participated in and/or caused the unlawful conduct mentioned herein, as described herein.

40. At all times pertinent to this Complaint: the Commission, its principals and agents, and each of them, participated in and/or proximately caused the aforementioned unlawful conduct, as described herein, and each acted in concert with each other to that effect.

41. TruConnect incurred, and continues to incur, economic injuries, damages and expenses, lost business opportunities, and other consequential damages, past, present and future, all of which were caused by the aforementioned conduct of the Commission, its respective principals and agents, and each of them, in an amount to be proven at trial.

42. TruConnect incurred, and continues to incur, legal fees and expenses, all of which were caused by the aforementioned conduct of the Commission, its respective principals and agents, and each of them, in an amount to be proven at trial.

43. The acts, omissions, decisions and conduct of the Commission, its respective principals and agents, and each of them, caused all of the aforementioned injuries and damages of TruConnect.

44. As a direct and proximate result of the aforementioned acts and/or omissions of the Commission, its respective principals and agents, and each of them, TruConnect was subjected to economically intolerable conditions.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

45. TruConnect has acted reasonably to mitigate its damages caused by and arising from the aforementioned acts and/or omissions of the Commission, its respective principals and agents, and each of them.

46. At all relevant times herein, the Commission, its respective principals and agents, and each of them, acted with malice and reckless disregard for the federal constitutional, statutory, and regulatory rights, under the laws and Constitution of the United States, entitling TruConnect to punitive damages from the Commission.

47. TruConnect is entitled to recover its reasonable attorneys' fees, by statute, and by virtue of it acting herein as private attorneys general, advancing substantial public interests.

## SECOND CLAIM FOR RELIEF
## EQUITABLE RELIEF;
## INJUNCTIVE RELIEF; DECLARATORY RELIEF
## [42 U.S.C. § 1983]

48. TruConnect incorporates by reference the foregoing allegations.

49. TruConnect is entitled to an order declaring the conduct, whether by acts and/or omissions, of the Commission, its commissioners and agents, and each of them, are each and all unlawful, in each and all of the particulars described herein.

50. TruConnect is further entitled to an order declaring the conduct, whether by acts and/or omissions, of the Commission, its commissioners and agents, and each of them, was unlawful because such conduct plainly violated the law.

51. Black-letter law states that "advice letter[s] . . . become effective upon written approval by that Industry Division," and that advice letters are approved once the industry division "notif[ies] the utility by e-mail."[1] Both occurred on May 11, 2021. Such rules further confirm that if an advice letter is not suspended within 30 days, it is "deemed approved." *Id.* That did not occur. These rules are well-established and straightforward.

---

[1] CPUC General Order 96B, Telecommunication Industry Rules § 7.3.5, 7.6.1.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

52. Moreover, informal statements by staff cannot bind a regulator. Here, the Commission did not follow its established rules[2] that verbal comments by staff, or e-mails, or a letter from a "Public Utilities Regulatory Analyst IV" could not alter the Certificate. These rules are well-established and straightforward.

53. Finally, the similarly well-established rule against retroactive ratemaking[3] means that the Commission could no retroactively bless staff actions. This rule is well-established and straightforward.

54. TruConnect is further entitled to an order declaring the commission violated federal law by making the LifeLine program unpredictable. The federal Universal Service statute, 47 U.S.C. § 254(f), provides that states may adopt regulations "not inconsistent with the [FCC's] rules to preserve and advance universal service." The state-level regulations should provide "specific, predictable, and sufficient mechanisms to support" universal service within the state. Because the Commission's failure to reimburse TruConnect for the services it performed was inequitable, and because the Commission's subsequent actions inject substantial unpredictability into the LifeLine program, they are inconsistent with federal law and must be overturned.

55. TruConnect is further entitled to orders enjoining the unlawful conduct, whether by acts or omissions of the Commission, its commissioners and agents, and each of them, to remedy each and all of the particulars described herein and the consequences thereof.

56. TruConnect is seeking and is entitled to temporary, preliminary, and injunctive relief.

---

[2] *See* California Public Utilities Code section 1757(a)(2); *Pedro v. City of Los Angeles* (2014) 229 Cal.App.4th 87, 99 (An agency that fails to follow its own "required procedures" has not proceeded in the manner required by law.)

[3] Utilities Code § 728; *Ponderosa Telephone Company v. PUC* (2011) 197 Cal.App.4th 48, 61.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

57. TruConnect is being irreparably harmed by the unlawful conduct, whether by acts or omissions of the Commission, its commissioners and agents, and each of them, as described herein, and will continue to be so harmed unless and until the requested declaratory and/or injunctive relief is granted as prayed.

58. TruConnect is entitled to recover its reasonable attorneys' fees, by statute, and by virtue of it acting herein as private attorneys general, advancing substantial public interests.

## THIRD CLAIM FOR RELIEF
## DECLARATORY RELIEF
### [California State Law]

59. TruConnect incorporates by reference the foregoing allegations.

60. An actual controversy has arisen and now exists between TruConnect and the Commission concerning their respective rights and duties in relation to Advice Letter 38, the Certificate, the Decision, and the other matters alleged herein.

61. TruConnect desires a judicial determination of the rights and duties of the parties concerning their respective rights and duties in relation to Advice Letter 38, the Certificate, the Decision, and the other matters alleged herein.

62. A judicial declaration is necessary and appropriate at this time under the circumstances in order that TruConnect and the Commission may ascertain their rights and duties concerning Advice Letter 38, the Certificate, the Decision, and the other matters alleged herein.

## PRAYER

**WHEREFORE**, TruConnect seeks judgment against the Commission for:

1. Compensatory damages, according to proof;

2. Special consequential damages, including but not limited to economic damages, financial losses, damage to business and economic opportunities, attorneys' fees, legal costs, and other as yet undetermined damages, according to proof;

3. Punitive damages according to proof;

4. Declaratory relief as prayed herein, and as may appear necessary and proper;

5. Temporary, preliminary, and permanent injunctive relief as prayed herein, and as may appear necessary and proper;

6. Reasonable attorneys' fees and costs of suit pursuant to statute and as private attorneys general; and

7. For such further relief as the Court may deem necessary and proper.

Respectfully submitted,

DATED: March 15, 2023  **ACTIUM LLP**

By: /s/ *Mike Gatto*
MIKE GATTO

/s/ *Jonathon D. Nicol*
JONATHON D. NICOL

Counsel for Plaintiff TruConnect Communications, Inc.

Plaintiff TruConnect Communications, Inc. demands trial by jury.

Respectfully submitted,

DATED: March 15, 2023  **ACTIUM LLP**

By: /s/ *Mike Gatto*
MIKE GATTO

/s/ *Jonathon D. Nicol*
JONATHON D. NICOL

Counsel for Plaintiff TruConnect Communications, Inc.